IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| AL JAZEERA MEDIA NETWORK, et al. | : | |
| | : | |
| v. | : | Civil Action No. DKC 13-2769 |
| | : | |
| DOW LOHNES PLLC, et al. | : | |
| | : | |

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for resolution in this legal malpractice case is a motion to amend the scheduling order and for leave file a second amended complaint, filed by Plaintiffs Al Jazeera Media Network ("AJMN") and Al Jazeera International ("AJI") (collectively, the "Plaintiffs"). (ECF No. 55). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiffs' motion will be denied.

**I.  Background**

The initial complaint in this case was filed in the Superior Court of the District of Columbia, but was dismissed voluntarily. Plaintiff AJI then filed a complaint in this court, asserting a claim for legal malpractice. (ECF No. 1). After Defendants Dow Lohnes PLLC and Leslie H. Wiesenfelder (collectively, the "Defendants") answered, a scheduling order was entered that included a deadline for moving to amend the

pleadings. (ECF No. 20, at 2). The court granted several extensions of time (ECF Nos. 35; 37; 39; 43; 49), and Plaintiffs filed the first amended complaint on August 3, 2015, adding Plaintiff AJMN as a party (ECF No. 50). Although some of the discovery deadlines have been extended, the deadline to amend pleadings and add parties was not modified further. (ECF No. 54). On October 30, 2015, Plaintiffs filed the pending motion, seeking to amend the scheduling order and file a second amended complaint. (ECF No. 55). Defendants responded in opposition (ECF No. 58), and Plaintiffs replied. (ECF No. 64).

## II. Standard of Review

The deadline established by the scheduling order for the amendment of pleadings was extended to July 31, 2015, and that deadline has long since passed. Consequently, the parties must do more than satisfy the liberal standard of Rule 15(a); they must first meet the mandates of Rule 16(b)(4), which calls for "good cause" to modify a scheduling order. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298–99 (4th Cir. 2008); *see also Elat v. Ngoubene*, 993 F.Supp.2d 497, 519-20 (D.Md. 2014); *Holliday v. Holliday*, No. 09-CV-01449-AW, 2012 WL 1409527, at *3 (D.Md. Apr. 20, 2012), *aff'd*, 522 F.App'x 174 (4th Cir. 2013)

2

(applying a two-prong test under Rules 16(b)(4) and 15(a) in analyzing an untimely motion for leave to amend).

"A schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The movant satisfies the good cause requirement by showing that, despite due diligence, it could not have brought the proposed claims in a reasonably timely manner. *See Montgomery v. Anne Arundel County, Md.*, 182 F.App'x 156, 162 (4th Cir. 2006); *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D.Md. 2002). The factors courts consider in determining good cause are the "danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Tawwaab v. Va. Linen Serv., Inc.*, 729 F.Supp.2d 757, 768–69 (D.Md. 2010) (citation omitted). All in all, the dictates of Rule 16(b) are not to be taken lightly. *See Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D.Md. 1999) (citation and internal quotation marks omitted) ("[A] judge's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."). If Rule 16(b) is not satisfied, there is no need to consider Rule 15(a). *See Nourison*, 535 F.3d at 299.

Once the movant has met the burden of showing good cause, the inquiry shifts to Rule 15(a), which provides that "court[s] should freely give leave [to amend a pleading] when justice so requires."  Fed.R.Civ.P. 15(a)(2).  Courts should deny leave to amend only when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation and internal quotation marks omitted); *see Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

**III. Analysis**

Plaintiffs' proposed amendments will not add a cause of action, but purport to add to the complaint another theory of liability for legal malpractice.  Plaintiffs contend that they learned only in September 2015 of the facts underlying the proposed amendments, but it appears that at least some of the facts were available earlier.  In their opposition briefing, Defendants highlight documentation providing the factual basis for Plaintiffs' proposed amendments to show that these documents and facts were not newly discovered, but were produced to or known by Plaintiffs on or before February 12, 2015.  (*See* ECF No. 59, at 10-14).  Plaintiffs also argue that Defendants will

4

not be prejudiced because Defendants already have all of the information that they need, but Plaintiffs do not address Defendants' assertions that the proposed amendments adding a new theory of liability affect expert opinions and require Defendants to search through hundreds of thousands of documents already produced to determine which are relevant to the proposed amendment.  (*See id.* at 4, 19; ECF No. 64, at 5).  Further complicating the discovery process, Plaintiffs recently provided an expert opinion in the guise of a rebuttal report but designed to support the proposed new theory of liability.  (*See* ECF No. 59, at 19).  Here, Plaintiffs had ample time during the course of this litigation to have pursued this purported new theory of liability.  Certainly, the interaction between Defendants and the architect in the underlying litigation has been central.  Although the deposition of Mr. Wiesenfelder that took place on September 30, 2015 may have provided Plaintiffs with additional information, it was not the first time that the new theory of liability – that is, a potential conflict of interest - would have been suggested.

The "good cause" inquiry under Rule 16(b) is focused on the movant's diligence.  *See Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W.Va. 1995) (quoting *Johnson v. Mammoth Recreations, Inc.*,

5

975 F.2d 604, 609 (9th Cir. 1992)) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.").  Accordingly, because Plaintiffs have failed to establish that they exercised diligence in seeking leave to amend the complaint, they have not satisfied Rule 16 and their motion will be denied.  Moreover, there would need to be renewed exploration through the experts if the proposed amendments were allowed, thereby prejudicing Defendants.  *See Hammer v. Peninsula Poultry Equip. Co.*, No. RDB-12-1139, 2013 WL 97398, at *4 (D.Md. Jan. 8, 2013) (citation omitted) ("Undue prejudice to the opposing party may result from an amendment that would substantially change the nature of the case or require the opposing party to invest more time and expense in new litigation preparation.").  Thus, Plaintiffs also fail to meet the standard under Rule 15 to amend the complaint.

**IV. Conclusion**

Based on the foregoing, it is this 9th day of December, 2015, by the United States District Court for the District of Maryland, ORDERED that:

6

1.  The motion to amend the scheduling order and for leave to file a second amended complaint (ECF No. 55), filed by Plaintiffs Al Jazeera Media Network and Al Jazeera International, BE, and the same HEREBY IS, DENIED; and

2.  The clerk is directed to transmit copies of this order to counsel for the parties.

```
                              /s/
            _____
            DEBORAH K. CHASANOW
            United States District Judge
```